Filed 12/12/23  P. v. Rodriguez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOE RODRIGUEZ,<br><br>    Defendant and Appellant. | B329556<br><br>(Los Angeles County<br> Super. Ct. No. BA405944) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mark K. Hanasono, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Joe Rodriguez appeals from the denial of his second petition for resentencing pursuant to former Penal Code section 1170.95. Former section 1170.95 was renumbered and recodified as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to former section 1170.95 only by its new designation (section 1172.6).

We affirm.

## BACKGROUND

In 2014, defendant was convicted by a jury of one count of first degree murder and two counts of premeditated attempted murder arising from his participation in a gang-related shooting. We affirmed defendant's conviction with a modification of sentence not relevant to the present appeal. (*People v. Rodriguez* (Oct. 20, 2016, B265581) [nonpub. opn.].)

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.), defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6 as to his conviction for murder. The trial court found that defendant was not entitled to relief as a matter of law because he was found guilty of first degree murder as a direct aider and abettor. The court summarily denied the petition at the prima facie stage. We affirmed the denial. (*People v. Rodriguez* (Mar. 3, 2021, B305365) [nonpub. opn.].)

Thereafter, Senate Bill No. 775 was passed (2021–2022 Reg. Sess.) which made further amendments to section 1172.6. As relevant here, Senate Bill No. 775 expanded the scope of relief to those defendants who had been convicted of attempted murder under the natural and probable consequences doctrine.

2

On February 3, 2022, defendant filed, in propria persona, a second form petition for resentencing pursuant to section 1172.6, seeking relief as to both attempted murder counts. Defendant declared under penalty of perjury that he had been charged and convicted of attempted murder under the felony murder rule or the natural and probable consequences doctrine and that he could no longer be so convicted in light of the changes made to Penal Code sections 188 and 189. Defendant requested the appointment of counsel.

The trial court appointed counsel for defendant. The People filed an informal opposition brief that included a copy of our 2016 opinion in defendant's direct appeal and the jury instructions from defendant's 2014 trial.

At the hearing held March 22, 2023, defendant waived his appearance and counsel appeared on his behalf. The court denied defendant's petition, finding again that, based on the record of conviction, defendant was not entitled to sentencing relief as a matter of law.

This appeal followed. We grant defendant's request to take judicial notice of our opinions and the appellate records from defendant's direct appeal (*People v. Rodriguez, supra*, B265581) and his appeal of the denial of his first resentencing petition (*People v. Rodriguez, supra*, B305365).

## DISCUSSION

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) Our review of the record here demonstrates that defendant is ineligible for relief as a matter of law. We therefore affirm the trial court's denial of defendant's petition.

3

Section 1172.6, subdivision (a) states that "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine" may file a petition for sentencing relief. (*Ibid.*; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [§ 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].)

The record of conviction here unequivocally establishes that defendant was prosecuted and convicted of attempted murder *only* under a direct aiding and abetting theory and *not* under a natural and probable consequences theory. As we explained in our 2016 opinion affirming defendant's conviction, "[t]he jury was not instructed on any target crimes other than murder and attempted murder." (*People v. Rodriguez*, *supra*, B265581.) "[T]he prosecutor's theory of the case was that defendant aided and abetted a murderous attack, not that he intended some other crime." (*Ibid.*) The jury was not instructed with felony murder or the natural and probable consequences doctrine, only with the principles of first and second degree murder, attempted murder, premeditation and direct aiding and abetting, including CALCRIM Nos. 251, 400, 401, 500, 520, 521, 600 and 601.

Defendant did not establish his eligibility for resentencing and his petition was properly denied. (*People v. Strong* (2022) 13 Cal.5th 698, 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."].)

Defendant contends that *Coley* was wrongly decided and that the record does not establish his ineligibility as a matter of law. He says the aiding and abetting instructions as a whole allowed the jury to impute premeditation to him based on the premeditation of the actual perpetrator and that section 1172.6

4

encompasses relief for such a theory.  The statutory language plainly does not do so.  And nothing about the claimed ambiguity of the premeditation instructions (an alleged error we already rejected on direct appeal) alters the fact that defendant was found guilty of two counts of attempted murder under a theory that remains valid and was the only theory on which the jury was instructed:  direct aiding and abetting.

## DISPOSITION

The order denying defendant and appellant Joe Rodriguez's petition for resentencing is affirmed.


GRIMES, Acting P. J.

WE CONCUR:



WILEY, J.



VIRAMONTES, J.

5